UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Jasmine Poole,,
Petitioner, In Propria Persona / Sui Juris,
v.

MASSACHUSETTS REGISTRY OF MOTOR VEHICLES;
MARK SOWELL, RMV Hearings Officer (individually and in official capacity);
COLLEEN OGILVIE, Registrar of Motor Vehicles (individually and in official capacity);
JOYCE A. CONARD, Chemical Test Refusal Program Coordinator II (individually and in official capacity),
Defendants.

**VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**

Petitioner, Jasmine Poole, In Propria Persona / Sui Juris, hereby files this Verified Complaint and states as follows:

## I. INTRODUCTION

Plaintiff seeks declaratory, injunctive, and monetary relief for violations of guaranteed constitutional rights secured by The Constitution for the United States of America, 42 U.S.C. §1983, and Title II of the ADA.

Defendants' actions include RMV administrative suspension (Docket No. 2565CV00205) and retaliatory criminal prosecution (Docket No. 2565CR000636, scheduled August 29, 2025).

Defendants relied on false, fabricated, and unlawfully obtained evidence, depriving Plaintiff of liberty, property, and civil rights under federal and state law.

Plaintiff has suffered and continues to suffer irreparable harms to mental health, education, medical treatment, personal obligations, and fundamental rights.

Plaintiff brings claims first and foremost on equitable principles, invoking this Court's inherent authority to prevent ongoing injustice and preserve fundamental rights.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3)–(4), and 42 U.S.C. § 12133. Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202.

8. Venue is proper in this District under 28 U.S.C. § 1391(b).

## PARTIES

    9. Plaintiff: Jasmine Poole, a private woman, appearing in propria persona / sui juris.

Defendants:

10. Massachusetts Registry of Motor Vehicles (RMV), MassDOT, and approving municipal authorities.
11. Mark Sowell, RMV Hearings Officer, in individual and official capacities.
12. Colleen Ogilvie, Registrar of Motor Vehicles, in individual and official capacities.
13. Joyce A. Conard, Chemical Test Refusal Program Coordinator II, in individual and official capacities.
14. Defendants are liable under 42 U.S.C. §1983 for individual and municipal/official-capacity acts causing deprivation of Plaintiff's constitutional and statutory rights.

## FACTUAL CLAIMS

A. RMV Administrative Suspension (Docket No. 2565CV00205)

5. On July 4, 2025, Plaintiff was subjected to arbitrary arrest and detention without a warrant, lawful stop, or probable cause.

6. RMV issued a license suspension under G.L. c. 90, § 24(1)(g) alleging chemical test refusal, despite the fact that Plaintiff never refused any chemical test.

7. At all relevant times, Plaintiff was not operating a motor vehicle, nor engaged in any activity subject to RMV jurisdiction under G.L. c. 90, § 24.

8. The suspension order is without lawful merit, based on demonstrably false and/or fabricated evidence, and constitutes a gross violation of Plaintiff's due process and civil liberties and freedom of travel..

9. The record upon which the suspension relies is both factually inaccurate and legally unsustainable, making continued enforcement an egregious abuse of administrative authority.

10. The RMV administrative hearing on July 17, 2025, failed to consider factual evidence and instead relied on false, fabricated, or unlawfully obtained statements.

11. Plaintiff filed a Petition for Judicial Review / Administrative Correction (Exhibit C, Return Receipt RF250104009US), which was ignored by RMV, denying Plaintiff any meaningful remedy.

12. Despite formal written notice, RMV willfully continued enforcement of the unlawful suspension, reflecting a deliberate disregard for due process, administrative procedure, and lawful authority.

B. Retaliatory Criminal Prosecution (Docket No. 2565CR000636)

13. Plaintiff faces a criminal prosecution scheduled for August 29, 2025, directly arising from the same administrative actions.

14. This prosecution is retaliatory in nature, lacking probable cause, and constitutes a violation of Plaintiff's guaranteed constitutional rights, including:

- Due process under the Fifth and Fourteenth Amendments;

- Right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures under the Fourth Amendment;

- Protection from retaliation for lawful conduct.

15. The retaliatory prosecution is therefore unlawful and contributes to the ongoing pattern of constitutional violations and irreparable harm to Plaintiff.

C. Irreparable Harm

16. As a direct and foreseeable result of Defendants' actions, Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to:

a. Mental Health: Severe anxiety, stress, and emotional distress.
b. Education: Disruption of classes, exams, academic progress, and educational opportunities.
c. Medical Treatment: Interference with ongoing care, accommodations, and medical obligations.
d. Personal Obligations: Inability to travel, fulfill essential duties, or maintain professional responsibilities.
e. Economic Hardship: Loss of income, professional opportunities, and related financial damages.

f. ADA Violations: Exposure to unsafe sobriety testing, denial of reasonable accommodations, and discrimination in access to RMV services.

17. The RMV's actions have imposed immediate and ongoing harm, significantly disrupting Plaintiff's ability to travel, fulfill educational obligations, meet personal responsibilities, and maintain physical and mental well-being.

**D. Exhibits**

   23. Exhibit A: Affidavit of Facts and Statement in Support of Claims (Aug 12, 2025).

   24. Exhibit B: Summary of Irreparable Harms (including criminal docket threats).

   25. Exhibit C: Petition for Judicial Review / Administrative Correction (Return Receipt RF250104009US).

   26. Exhibit D: Criminal Docket Entry / Notice of August 29, 2025 Hearing.

**Count I – Fourteenth Amendment: Procedural and Substantive Due Process; Right to Travel**

Defendants' suspension of Plaintiff's driver's license (No. S****0470) and retaliatory initiation of criminal prosecution deprived Plaintiff of constitutionally protected liberty and property interests without meaningful process, in direct violation of the Due Process Clauses of the Fourteenth Amendment to The Constitution for the United States of America.

Plaintiff was denied fair notice, a meaningful opportunity to be heard, and correction of administrative errors, all of which are essential components of due process.

Further, Defendants' actions unreasonably burdened Plaintiff's fundamental right to travel, a liberty long recognized by the Supreme Court. See Kent v. Dulles, 357 U.S. 116 (1958); Saenz v. Roe, 526 U.S. 489 (1999).

As a result, Plaintiff has suffered irreparable harm, including interference with personal, professional, and educational obligations.

**Count II – Fourth Amendment: Unreasonable Searches and Seizures**

Defendants conducted unlawful searches and seizures of Plaintiff's property absent probable cause, judicial warrants, or lawful authority, in violation of the Fourth Amendment.

These actions deprived Plaintiff of the constitutional right to be secure in their person, property, papers, and effects, and were carried out arbitrarily and in retaliation for Plaintiff's lawful conduct.

The unlawful invasions caused continuing harm to Plaintiff's liberty, property, and privacy interests.

**Count III – Fifth Amendment: Liberty and Property Interests**

Defendants, acting under color of law, arbitrarily deprived Plaintiff of protected liberty and property interests without due process of law, in violation of the Fifth Amendment to The Constitution for the United States of America.

The suspension of Plaintiff's license, coupled with retaliatory criminal prosecution, directly interfered with Plaintiff's ability to travel, pursue employment, maintain education, and access necessary medical treatment.

These deprivations were not justified by lawful authority, nor were they accompanied by fair notice, meaningful hearing, or remedy, thereby violating the core guarantees of liberty and property rights protected under the Fifth Amendment.

**Count IV – Fifth Amendment: Takings Clause (Just Compensation)**

Defendants' actions further constituted an unlawful taking of Plaintiff's property and rights without just compensation, in violation of the Takings Clause of the Fifth Amendment.

By stripping Plaintiff of the functional use of a driver's license and interfering with property rights necessary for employment, education, and medical care, Defendants effected a regulatory taking for public use without providing compensation.

Such conduct squarely violates the Fifth Amendment's Takings Clause and entitles Plaintiff to full redress.

**Count V – 42 U.S.C. § 1983: Individual Liability (Procedural & Substantive Due Process; Right to Travel)**

Defendants, acting individually and under color of state law, knowingly and intentionally deprived Plaintiff of clearly established constitutional rights secured by The Constitution for the United States of America, including:

- Fundamental liberty and property interests;

- The right to travel freely and without undue restriction;

- Protection against retaliation for lawful conduct.

Such conduct entitles Plaintiff to compensatory and punitive damages under 42 U.S.C. § 1983.

### Count VI – 42 U.S.C. § 1983: Official-Capacity / Municipal Liability (Monell Claim)

The Registry of Motor Vehicles ("RMV") and MassDOT, through official policies, customs, practices, and deliberate indifference, directly caused the deprivation of Plaintiff's constitutional rights. Specifically, Defendants:

a. Relied on false, fabricated, or unlawfully obtained evidence;

b. Imposed automatic suspensions under G.L. c. 90, § 24(1)(g) for alleged chemical test refusal, without investigation or meaningful due process;

c. Refused to correct known administrative errors despite repeated notice;

d. Failed to train, supervise, or discipline personnel, creating a culture of impunity and ongoing violations.

These systemic failures constitute deliberate indifference to constitutional rights, actionable under Monell v. Department of Social Services, 436 U.S. 658 (1978).

The deprivations were not isolated mistakes but part of a policy and custom designed and maintained by Defendants, which foreseeably and proximately caused Plaintiff's harm.

As a direct result, Plaintiff suffered irreparable harm to liberty, property, privacy, and personal rights, including the loss of enjoyment, interference with education and medical care, and restrictions on travel.

### Count VII – Americans with Disabilities Act, Title II (42 U.S.C. § 12132; 28 C.F.R. pt. 35)

Defendants unlawfully denied Plaintiff equal access to the services, programs, and benefits of the RMV by failing to provide reasonable modifications and accommodations, in violation of Title II of the ADA.

The refusal to accommodate Plaintiff's documented medical needs during administrative proceedings and sobriety testing constitutes disability-based discrimination, resulting in continuing harm.

### Count VIII – Declaratory and Injunctive Relief (28 U.S.C. §§ 2201–2202)

Plaintiff seeks a judicial declaration that:

1. The RMV suspension (Docket No. 2565CV00205) and threatened criminal prosecution (Docket No. 2565CR000636) are unlawful; and

2. Such actions violate Plaintiff's constitutional rights and the Supremacy Clause (Art. VI, The Constitution for the United States of America).

Plaintiff further seeks preliminary and permanent injunctive relief restraining Defendants from enforcing such unlawful actions pending full adjudication.

### Count IX – State Law: Massachusetts Civil Rights Act & Official Misconduct

Defendants' conduct violated Massachusetts state law, including:

- M.G.L. c. 265, § 37 (Official Misconduct);
- M.G.L. c. 268, § 1 (Deprivation of Civil Rights).

Through threats, intimidation, and coercion, Defendants unlawfully interfered with Plaintiff's exercise of constitutional rights.

Plaintiff suffered significant harm to liberty, property, and civil liberties , entitling Plaintiff to compensatory and punitive damages under Massachusetts law.

### Count X – Emergency Relief Requested (TRO / Preliminary Injunction)

Plaintiff seeks immediate emergency relief enjoining Defendants from:

1. Enforcing the RMV suspension (Docket No. 2565CV00205);
2. Pursuing or advancing the threatened criminal prosecution (Docket No. 2565CR000636);
3. Continuing any policies, practices, or customs under which Plaintiff's rights are being violated.

Emergency relief is warranted to prevent irreparable injury to Plaintiff's life, liberty, property, medical needs, educational commitments, and personal obligations, pending final adjudication of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants, and grant the following relief:

1. Declaratory Relief

    - A declaration that the suspension of Driver License #: S****0470, (Docket No. 2565CV00205) and the threatened criminal prosecution (Docket No. 2565CR000636) are unlawful and unconstitutional;

    - A declaration that Defendants' actions violated Plaintiff's rights secured by the Fourth, Fifth, and Fourteenth Amendments to The Constitution for the United States of America, Title II of the ADA, 42 U.S.C. § 1983, and Massachusetts civil rights statutes.

2. Injunctive Relief

    - A preliminary and permanent injunction restraining Defendants from enforcing or continuing the suspension of Plaintiff's driver's license;

    - An injunction restraining Defendants from pursuing or advancing any criminal prosecution arising from the unlawful suspension;

    - An injunction requiring Defendants to provide reasonable accommodations under Title II of the ADA;

    - An injunction compelling Defendants to correct administrative errors, train personnel, and implement safeguards to prevent further constitutional violations.

3. Emergency Relief (TRO / Preliminary Injunction)

    - Immediate temporary and preliminary injunctive relief enjoining Defendants from:

        a. Enforcing the RMV suspension (Docket No. 2565CV00205);
        b. Advancing the threatened criminal prosecution (Docket No. 2565CR000636);
        c. Continuing policies, practices, or customs that result in deprivation of Plaintiff's constitutional and statutory rights.

4. Compensatory Damages

    - For loss of liberty, property, income, professional and educational opportunities, and other tangible and intangible harms caused by Defendants' actions.

5. Punitive Damages

    - Against individual Defendants, in their personal capacities, for willful, malicious, reckless, and deliberate violations of Plaintiff's constitutional and statutory rights.

6. Statutory Damages and Remedies

    - Pursuant to 42 U.S.C. § 1983, Title II of the ADA (42 U.S.C. § 12132), and the Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H–11I.

7. Costs and Attorney's Fees

    - Pursuant to 42 U.S.C. § 1988 and other applicable law.

8. Such Other Relief as the Court Deems Just and Proper

    - Including equitable, legal, and remedial measures necessary to fully redress Plaintiff's injuries and to protect Plaintiff's ongoing constitutional rights.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right under the Constitution for the United States of America, including but not limited to claims arising under the First, Fourth, Fifth, and Fourteenth Amendments, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**DECLARATION**

I, Jasmine Poole, declare under penalty of perjury under the laws of the United States of America that the foregoing Verified Complaint, including all exhibits and factual statements, is true and correct to the best of my knowledge, information, and belief.

BY: _[signature]_
Jasmine Poole, Authorize representative
Appearing in Proper Person,
All Rights Reserved Without Prejudice

_28th_ day of the Month of _August_ Year of our Lord Two thousand and twenty five

7 Stockholm St. #3
Worcester, MA 01607
(508) 665.9091

## CERTIFICATE OF SERVICE

I hereby certify that on this __28th__ day of August, 2025, a true and correct copy of the foregoing VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF, EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION and including SUMMARY OF IRREPARABLE HARMS, attached (Exhibit A, dated August 12, 2025) in Support of VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF, EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION was served upon the following individuals Recipients in Person, by first-class mail / electronic transmission or Email on the __28th__ day of the month of __August__, in the Year of our Lord Two Thousand and Twenty-Five:

Attention: JOYCE A. CONARD,
massDOT Massachusetts Department of Transportation Registry of Motor Vehicles
P.O. Box 55896
Boston, MA 02205-5896

Attention: COLLEEN OGILVIE,
Registry of Motor Vehicles
PO Box 55889
Boston, MA 02205

Mark Sowell, Hearings Officer
Massachusetts Department of Transportation
RMV Division – Driver Control Unit
P.O. Box 55889
Boston, MA 02205-5889