# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JASMINE POOLE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **NO. 25-40132-MRG** |
| **MASSACHUSETTS REGISTRY OF** | ) | |
| **MOTOR VEHICLES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER
### August 29, 2025

**GUZMAN, D.J.**

On August 28, 2025, plaintiff Jasmine Poole of Worcester, Massachusetts, filed a complaint naming as defendants the Massachusetts Registry of Motor Vehicles ("RMV"), MassDOT, an RMV hearing officer, the RMV Registrar and the coordinator of the chemical test refusal program under 42 U.S.C. § 1983, 42 U.S.C. § 12132, and the Massachusetts Civil Rights Act, G.L. c. 12, §§ 11H-11I.  ECF 1.  Poole states that the RMV issued a license suspension based on "chemical test refusal" after a traffic stop on July 4, 2025.  Id. at 2.  Among other things, she alleges that she never refused a chemical test and that she "was not operating a motor vehicle, nor engaged in any activity subject to RMV jurisdiction.  Id.  After an administrative hearing, Poole sought judicial review and administrative correction, which she alleges was ignored by the RMV.  Id.  She now faces criminal prosecution scheduled for August 29, 2025. Id. at 3.  She contends that the criminal prosecution is retaliatory and lacks probation cause.  Id. Poole further contends that the defendants violated the ADA by exposing her "to unsafe sobriety testing, den[ying] reasonable accommodations, and discrimination in access to RMV services." Id. Specifically, she contends that the defendants refused "to accommodate Plaintiff's

documented medical needs during administrative proceedings and sobriety testing." Id. at 6. For relief, she seeks declaratory and monetary relief as well as injunctive relief enjoining enforcement of RMV suspension and the criminal prosecution. Id. at 8.

Poole also filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed *in forma pauperis*) and an emergency motion for temporary restraining order and preliminary injunction. ECF 3, 4.

Upon a review of Poole's filings, it is hereby ORDERED:

1.    The motion for leave to proceed *in forma pauperis* (ECF 3) is **DENIED**. Poole's application is incomplete as she failed to respond to Question 3 concerning income received during the past twelve months. ECF 3 at 1.

2.    The motion for temporary restraining order and preliminary injunction (ECF 4) is **DENIED** and this action is **DISMISSED** for failing to state a claim upon which relief can be granted and based on principles of abstention and the anti-injunction act. Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. See Mallard v. United States Dist. Ct., 490 U.S. 296, 307-308 (1989); Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Axcella Building Realty Trust v. Thompson, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). "A court may also dismiss a case on its own motion for failure to state a claim upon which relief may be granted. Carlsen v. Carlsen, No.

11-11119, 2011 WL 2632260, at * (D. Mass. July 1, 2011) (citing <u>Gaffney v. State Farm Fire & Cas. Co.</u>, 294 F. App'x 975, 977 (5th Cir. 2008) (unpublished)).

Poole's complaint is not fairly characterized as malicious, but it is readily apparent that the complaint fails to state claims upon which relief can be granted. Plaintiff has not plausibly alleged facts in support her claims of the violation of her federal constitutional and statutory rights as the allegations are conclusory.

In addition, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the Court from providing the injunctive relief Poole seeks. This statute provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "says that federal courts cannot by injunction govern the conduct of state litigation," and that "federal courts must abstain from disrupting ongoing state litigation in all the most extraordinary situations." <u>Mannix v. Machnik</u>, 244 Fed. App'x 37, 39 (7th Cir. 2007). Thus, the injunctive relief sought by Poole falls squarely within the judicial action prohibited by the Anti-Injunction Act.

Finally, adjudicating Poole's claims would directly interfere with a pending state action. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." <u>Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs</u>, 398 U.S. 281, 287, (1970). The doctrine of abstention precludes this Court from exercising its jurisdiction over this case. "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." <u>Coggeshall v. Massachusetts Bd. of Registration of Psychs.</u>, 604 F.3d 658, 664 (1st Cir. 2010). In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that "principles of equity and

comity demand that a federal court abstain from entertaining a suit that seeks to enjoin a state criminal prosecution as violative of federal law so long as the state proceeding affords an adequate opportunity to raise the federal defense and abstention will not cause irreparable harm." <u>Sirva Relocation, LLC v. Richie</u>, 794 F.3d 185, 191-92 (1st Cir. 2015). Here, there is no reason for this federal court to interfere in the pending state criminal proceeding.

Even with a generous reading of the complaint, the Court finds that amendment would be futile. <u>Garayalde-Rijos v. Municipality of Carolina</u>, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

**So Ordered.**

   /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

Dated: August 29, 2025